12-3148-cr
United States v. Robbins

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2013

(Argued:  June 20, 2013                    Decided:  September 3, 2013)

Docket No. 12-3148-cr

───────────────────────────

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

NATHAN ROBBINS,
aka Nathan L.H. Robbins,

*Defendant-Appellant.*

───────────────────────────

Before: CALABRESI, CABRANES, and SACK, *Circuit Judges.*

Appeal from an August 3, 2012 judgment convicting defendant-appellant Nathan Robbins for failing to register under SORNA, the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). Robbins challenges SORNA as unconstitutional in light of the Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012). Because

SORNA, at least as applied to Robbins, regulates activity involving travel in interstate commerce, we AFFIRM.

JAMES P. EGAN (Lisa A. Peebles, *on the brief*) Federal Public Defender's Office, Northern District of New York, Syracuse, N.Y., *for Defendant-Appellant.*

BRENDA K. SANNES, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, N.Y., *for Appellee.*

CALABRESI, *Circuit Judge*:

In August 2011, after traveling from New York to Nevada, defendant-appellant Nathan Robbins knowingly failed to update his registration as a sex offender, as he was required to do under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913. He subsequently pled guilty to violating 18 U.S.C. § 2250(a), which makes it a crime for someone who is required to register under SORNA to travel in interstate commerce and knowingly fail to update his registration. Despite his plea, Robbins retained the right to challenge the constitutionality of the statutes he admitted violating, and he brings just such a challenge here.

This Court has previously held that Congress acted within its powers under the Constitution's Commerce Clause when it enacted SORNA. *See United States v.*

*Guzman*, 591 F.3d 83 (2d Cir. 2010). Since then, however, the Supreme Court has revisited and further clarified—if that is the appropriate word—the reach of Congress's power "[t]o regulate Commerce . . . among the several States." U.S. Const. art. I, § 8, cl. 3; *see Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012) ("*NFIB*"). Robbins invites us to revisit our holding in *Guzman* in light of the Supreme Court's decision in *NFIB*.

We decline Robbins' invitation not because his arguments all lack force, nor because the constitutionality of SORNA—particularly when applied within the states—is beyond question, *see United States v. Kebodeaux*, 570 U.S. ___, No. 12-418, slip op. at 5 (U.S. June 24, 2013) (Roberts, *C.J.*, concurring in the judgment) ("The fact of a prior federal conviction, by itself, does not give Congress a freestanding, independent, and perpetual interest in protecting the public from the convict's purely intrastate conduct."), but because the constitutionality of SORNA *as applied to Robbins* remains unaffected by any limitations on Congress's Commerce Clause power that may be found in *NFIB*. Still bound by the precedent set in *Guzman*, we therefore AFFIRM Robbins' conviction.


## BACKGROUND

### A.

In July 2003, Robbins pled guilty to a state charge of sexual misconduct for having sex with a sixteen-year-old girl when he was twenty-four. New York

designated Robbins a sexual offender, and Robbins complied with the resulting registration requirements until June 2011.

During that time, however, Robbins again ran afoul of the law. In October 2010, he was convicted and sentenced to probation for fourth degree grand larceny, second degree criminal contempt, and petit larceny. As a condition of his probation, Robbins was required to stay in a residence approved by his probation officer. But in August 2011, he tested positive for drug use and was evicted from the approved residence. A county court in New York issued a warrant on August 11 for Robbins' arrest for violation of the terms of his probation. On August 25, U.S. Marshals located Robbins at a casino in Las Vegas, Nevada. Robbins told the marshal who arrested him that he knew about his obligation to register as a sex offender, but had not done so because he knew that a warrant had been issued for his arrest.

Robbins was indicted in the Northern District of New York for having traveled in interstate commerce and knowingly failed to update his registration as required under SORNA. 18 U.S.C. § 2250(a); 42 U.S.C. § 16913. Robbins moved to dismiss the indictment, claiming that Congress lacked the constitutional authority to impose SORNA's requirements and penalties. On March 1, 2012, the district court (Norman A. Mordue, *Judge*) denied Robbins' motion. Robbins subsequently pled guilty, though he reserved the right to appeal the district court's

denial of his constitutional challenge. On July 26, 2012, the district court sentenced Robbins to 30 months' imprisonment—a term he is currently serving.

B.

SORNA, which was enacted in 2006, includes two provisions that are challenged in the present case.

First, the registration requirement of 42 U.S.C. § 16913 requires that a sex offender "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." *Id.* § 16913(a). Designated sex offenders must update their registration "not later than 3 business days after each change of name, residence, employment, or student status" by appearing in person in one of the jurisdictions where they live, work, or study. *Id.* § 16913(c).

Second, SORNA's criminal enforcement provision, 18 U.S.C. § 2250(a), dictates that:

> Whoever—
> > (1) is required to register under the Sex Offender Registration and Notification Act;
> > (2) (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
> > (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

*Id.*

We consider *de novo* the constitutionality of these statutory provisions. *See United States v. Weingarten*, 632 F.3d 60, 63-64 (2d Cir. 2011).

## DISCUSSION

Though Robbins disputes the continued validity of *United States v. Guzman*, no one denies that case's applicability to the present matter. In *Guzman*, this Court rejected constitutional challenges to §§ 2250(a) and 16913 brought by two defendants whose convictions mirror those of Robbins' in all relevant respects. We began in *Guzman* by recounting Congress's three categories of power under the Commerce Clause, as described by the Supreme Court in *United States v. Lopez*, 514 U.S. 549 (1995):

> (1) "[to] regulate the use of the channels of interstate commerce"; (2) "to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "to regulate those activities having a substantial relation to interstate commerce."

*Guzman*, 591 F.3d at 89 (quoting *Lopez*, 514 U.S. at 558-89). This Court had little trouble concluding that § 2250(a), insofar as it ties criminal liability to interstate

travel, falls under both the first and second of the *Lopez* categories, and thus constitutes a valid exercise of Congressional power.[1] *Id.* at 90.

The registration requirement of § 16913 presented a somewhat closer question—indeed, the district court in *Guzman* found that since § 16913 requires initial registration and updates by state offenders who move within their state's borders, it exceeds Congress's Commerce Clause powers. This Court held, however, that § 16913 and § 2250(a) have to be considered in tandem, because the former gives the latter substance, while the latter gives the former teeth. *Cf. id.* at 90. The intrastate registration requirements of § 16913 are necessary and proper, we held, as they comprise "a perfectly logical way to help ensure that states will more effectively be able to track sex offenders when they do cross state lines." *Id.* at 91.

Given this clear and recent precedent, there would seem to be nothing left to say in the case currently before us. But Robbins—recognizing that "if there has been an intervening Supreme Court decision that casts doubt on our controlling

---

[1] *Guzman* also mentioned, and seemingly approved of, § 2250(a)'s alternative jurisdictional predicate, a conviction under federal law, which makes interstate travel unnecessary for a conviction under SORNA. *See* 18 U.S.C. § 2250(a)(2)(A); *Guzman*, 591 F.3d at 90. Whatever questions may be raised after *NFIB* about SORNA's applicability to federal offenders engaged in purely intrastate travel, the issue does not arise in the instant case, as Robbins admittedly traveled from New York to Nevada. Because the federal offender prong of § 2250(a) is not at issue here—and, indeed, was not in *Guzman*, where both defendants were state sex offenders who had traveled across state lines, *Guzman*, 591 F.3d at 86-88—we needn't consider the constitutionality of SORNA as applied to those who have *not* crossed state borders but whose federal crimes trigger § 2250(a) nonetheless.

precedent, one panel of this Court may overrule a prior decision of another panel," *In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010) (quotation marks omitted)—urges us to revisit *Guzman* in light of *NFIB*, the Supreme Court's fractured decision on the constitutionality of the Affordable Care Act. *See NFIB*, 132 S. Ct. 2566 (2012).

Robbins' is not the first challenge to an application of SORNA that this Court has considered since *NFIB* was decided. In *United States v. Brunner*, No. 11-2115, _ F.3d _, 2013 WL 4033847 (2d Cir. Aug. 9, 2013), we considered the application of SORNA to Kenneth Brunner, who had been convicted of a sex offense in violation of the Uniform Code of Military Justice ("U.C.M.J.") and had thereafter failed to comply with SORNA's registration requirements. We upheld the judgment sentencing Brunner to six months' imprisonment pursuant to § 2250(a) under the Constitution's Military Regulation Clause and Necessary and Proper Clause. *Id.* at *3-4. Interestingly, Brunner also argued that his sentence violated the Ex Post Facto Clause of the Constitution, and we concluded that his argument was "foreclosed by our Court's decision in *United States v. Guzman*"—a conclusion that would appear to signal that *Guzman* remains good law—at least in part—even after *NFIB. Id.* at *4. However, because Robbins' challenge to SORNA differs materially from the one brought by Brunner—who was convicted of a federal offense under the U.C.M.J. and had not travelled in interstate commerce, and whose conviction was upheld also on the basis of the Constitution's Military Regulation Clause—we consider it here.

Robbins' argument that *NFIB* alters our understanding of the Commerce Clause as to undermine the holding of *Guzman* encounters an early obstacle: *NFIB* may not say anything binding about the Commerce Clause at all. It is not clear whether anything said about the Commerce Clause in *NFIB*'s primary opinion—that of Chief Justice Roberts—is more than dicta, since Part III-A of the Chief Justice's opinion was not joined by any other Justice and, at least arguably, discussed a bypassed alternative, rather than a necessary step, in the Court's decision to uphold the Act. *See NFIB*, 132 S. Ct. at 2585-93; *United States v. Henry*, 688 F.3d 637, 641 n.5 (9th Cir. 2012) ("There has been considerable debate about whether the statements about the Commerce Clause [in *NFIB*] are dicta or binding precedent."); *see also United States v. Roszkowski*, 700 F.3d 50, 58 n.3 (1st Cir. 2012) (declining to decide "whether the Chief Justice's Commerce Clause discussion was indeed a holding of the Court"). *But cf. Grutter v. Bollinger*, 539 U.S. 306, 323 (2003) (noting that Justice Powell's opinion announcing the judgment of the Court in *Regents of University of California v. Bakke*, 438 U.S. 265 (1978), although failing to command a majority of the Court, "has served as the touchstone for constitutional analysis of race-conscious admissions policies").

Fortunately, we can avoid sorting holding's wheat from dicta's chaff simply by assuming for the sake of argument that the Chief Justice's statements with regard to commerce in *NFIB* constitute holdings and stand for exactly what Robbins says they do. In particular, Robbins derives four relevant propositions from the opinion

of Chief Justice Roberts, read in tandem with parallel arguments made in the jointly authored dissent. *See NFIB*, 132 S. Ct. at 2642-50 (Scalia, Kennedy, Thomas, and Alito, *JJ.*, dissenting). First, the Commerce Clause does not give Congress the power to regulate inactivity. Second, Congress cannot regulate conduct today based on activity predicted tomorrow. Third, the federal government does not have "[a]ny police power to regulate individuals as such, as opposed to their activities." *NFIB*, 132 S. Ct. at 2591 (Roberts, *C.J.*). Fourth, the Necessary and Proper Clause does not add any "'great substantive and independent'" federal powers to those enumerated in the Constitution. *Id.* at 2591 (quoting *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 411 (1819)).

Assuming the accuracy of these propositions *arguendo*, we still find in them nothing that helps Robbins' cause. Robbins argues that SORNA's registration provision regulates inactivity, impermissibly compelling conduct that is non-economic in nature. But unlike the uninsured in *NFIB*, the sex offenders who are subjected to SORNA's requirements have all, in a sense, "opted in" to the regulated group through their prior criminal activity. *See United States v. Cabrera-Gutierrez*, 718 F.3d 873, 879 (9th Cir. 2013). And more significantly, whatever else SORNA might require,[2] the registration requirement that Robbins himself failed to meet *was*

---

[2] Robbins argues, for example, that the initial registration requirement of § 16913 and the "periodic in person verification" requirement of § 16916 each can "only be understood as a regulation of inactivity." Reply Br. at 2. We offer no

triggered by activity: his change of residence and travel across state lines. As applied to Robbins, then, §§ 16913 and 2250(a) not only regulate activity, but activity that directly employs the channels of interstate commerce.

Robbins' most plausible argument is his claim that § 2250(a), despite its interstate travel provision, does not actually regulate interstate travel, but rather something which occurs (or not) in the three days after such travel. To criminalize a failure to register one's address in the days following interstate travel is not to regulate the travel itself, Robbins argues. Robbins observes that, in contrast to § 2250(a), other federal criminal statutes involving interstate travel require criminal intent or purpose at the time of travel; under those statutes, though not under § 2250(a), "a defendant can be apprehended at the border." Appellant's Br. at 22.

Whatever the merit of this argument—and we do not decide that here—it is an argument foreclosed by *Guzman*, which held in no uncertain terms that § 2250(a) is a valid regulation of "persons traveling in interstate commerce." *Guzman*, 591 F.3d at 90. The *Guzman* Court may not have explicitly considered how long after travel the federal government's period of regulation may extend—when, in other words, travel ends and inactivity begins—but since that is a question which *NFIB* does not itself address, we cannot say that any intervening decision of the Supreme Court undermines the reasoning behind our settled precedent. At least

opinion on this argument because Robbins—whose conviction does not rest on either of these requirements—lacks standing to raise it.

insofar as SORNA applies to an interstate traveler such as Robbins, we remain bound by *Guzman*'s conclusion that SORNA "is a legitimate exercise of congressional Commerce Clause authority." *Id.*

## CONCLUSION

For the foregoing reasons, we again find SORNA constitutional—at least as applied to those, like Robbins, whose failure to register follows interstate travel—and therefore AFFIRM the judgment of the district court.