15-2875-cr
United States v. Hyman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand sixteen.

PRESENT:   PIERRE N. LEVAL,
                    ROBERT D. SACK,
                    REENA RAGGI,
                              *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                                    No. 15-2875-cr

PAUL HYMAN,
                              *Defendant-Appellant*.

------------------------------------------------------------------

APPEARING FOR APPELLANT:        NATHANIEL Z. MARMUR, Law Offices of Nathaniel Z. Marmur, PLLC, New York, New York.

APPEARING FOR APPELLEE:        ALLEN L. BODE, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 31, 2015, is AFFIRMED, but REMANDED for the purpose of making a clerical correction to reflect that the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act as a condition of supervised release.

Defendant Paul Hyman was convicted after a guilty plea of possession of child pornography, see 18 U.S.C. § 2252(a)(4)(B), (b)(2), and sentenced to a below-Guidelines prison term of 24 months, as well as five years of supervised release. Currently incarcerated on that sentence, and scheduled for release on October 8, 2017, Hyman challenges (1) the constitutionality, as applied to him, of the registration requirement of the Sex Offender Registration and Notification Act ("SORNA"), see id. § 2250(a)(2)(A); 42 U.S.C. § 16913(a); and (2) the written judgment's failure to clarify whether he is required to register under SORNA or only under state law. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   Constitutional Challenge

Hyman, whose professed intent is to remain solely in New York upon release, submits that SORNA's registration requirement exceeds Congress's authority under either the Commerce Clause or the Necessary and Proper Clause when applied to offenders who engage in no interstate travel. See U.S. Const. art. I, § 8, cl. 3; id. art. I, § 8, cl. 18. The government raises ripeness and waiver challenges to review. We

reject the former and need not decide the latter because Hyman fails, in any event, to demonstrate plain error.

a.      Ripeness

The government contends that Hyman's constitutional challenge is not ripe for adjudication here because he has not been—and might never be—federally prosecuted for failing to register despite only intrastate travel.   We are not persuaded.

SORNA requires a sex offender initially to register before completing the sentence of imprisonment.   See 42 U.S.C. § 16913(b)(1).   This requirement applies to Hyman even if registration is not formally imposed as a condition of supervised release.   Thus, Hyman suffers a direct and immediate impact from the challenged policy.   See United States v. Johnson, 446 F.3d 272, 279 (2d Cir. 2006).   In such circumstances, his policy challenge is ripe, and he is "not . . . required to await and undergo a criminal prosecution as the sole means of seeking relief."   Id. (citing Doe v. Bolton, 410 U.S. 179, 188 (1973)); see also Pearson v. Holder, 624 F.3d 682, 684–85 (5th Cir. 2010) (holding SORNA registration challenge ripe two years prior to inmate's release).

Hyman's independent registration obligation under New York law warrants no different conclusion because (1) the notification and registration requirements of the statutes are not necessarily coextensive, compare 42 U.S.C. § 16915(b) (providing for five-year registration reduction of "clean record" maintained for ten years), with N.Y. Correct. Law § 168–o(2) (permitting offender to petition annually for modification in level of notification); and (2) in any event, Hyman's need to obtain additional relief from compliance under New York law does not deprive him of sufficient interest in

3

invalidating the federal requirements, see Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 212 (2d Cir. 2012) (citing Khodara Envtl., Inc. v. Blakey, 376 F.3d 187, 194–96 (3d Cir. 2004) (Alito, J.)) (recognizing plaintiff's standing to challenge New York regulation even if Massachusetts law presents additional impediment).

Accordingly, Hyman's constitutional challenge is ripe for adjudication.

b.      Waiver and Forfeiture

The government argues that Hyman waived his SORNA challenge by including a registration requirement in a requested lesser sentence, not adopted by the district court. See generally United States v. Spruill, 808 F.3d 585, 596–97 (2d Cir. 2015) (recognizing waiver where party "actively solicits or agrees to a course of action that he later claims was error"). We need not decide if Hyman's actions constitute waiver because, in any event, he forfeited a SORNA registration challenge by not raising it in the district court and cannot demonstrate plain error. See United States v. Marcus, 560 U.S. 258, 262 (2010) (stating that plain error requires (1) error; (2) that is clear or obvious; (3) affecting defendant's substantial rights; and (4) seriously impugning fairness, integrity, or public reputation of judicial proceedings); accord United States v. Rodriguez, 775 F.3d 533, 536 (2d Cir. 2014).

Hyman's claim that he cannot be charged with forfeiture because the challenged registration requirement was "first imposed" in the written judgment merits little discussion. See Appellant's Reply Br. 15 ("Mr. Hyman cannot be faulted for failing to lodge a contemporaneous objection for a condition that was not contemporaneously imposed."). The argument has no merit because Hyman's federal registration obligation

4

arose from SORNA's statutory requirements—not the terms of his sentence—and the record demonstrates that Hyman was aware that his conviction would require registration pursuant to the statute. Moreover, he signed a plea agreement, which stated that "defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, [he] must register and keep the registration current," and that "failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250." Def.'s App'x 18. At his plea hearing, Hyman and his counsel agreed that "sex offender registration will be required." Gov't App'x 10–11; see also PSR ¶¶ 76–79 (reporting that Hyman was required to register as sex offender under cited federal law); Def.'s App'x 28 (raising no defense objection to PSR's report of registration requirement). This record manifests at least forfeiture, limiting our review to plain error. See United States v. Dupes, 513 F.3d 338, 343 & n.2 (2d Cir. 2008) (reviewing supervision conditions challenge for plain error where defendant failed to object to PSR recommendation of those conditions).

### c. Plain Error

Hyman fails to show that the challenged registration requirement, as applied to him, violates clearly established law. Indeed, in United States v. Guzman, 591 F.3d 83 (2d Cir. 2010), this court suggested that, under the Necessary and Proper Clause, Congress could mandate intrastate registration of sex offenders "to help ensure that states will more effectively be able to track sex offenders when they do cross state lines," thereby affecting interstate commerce, the enumerated power underlying SORNA's enactment, id. at 91. Hyman urges that National Federation of Independent Business v.

5

Sebelius ("NFIB"), 132 S. Ct. 2566 (2012), casts doubt upon this statement and argues that we acknowledged such doubts in United States v. Robbins, 729 F.3d 131, 134 n.1 (2d Cir. 2013). The argument fails because NFIB did not address Congress's enactment of SORNA, much less speak clearly to its exercise of Commerce Clause power in enacting that statute generally or in imposing registration requirements in particular. See United States v. Irving, 554 F.3d 64, 78 (2d Cir. 2009) (reversal based upon plain error requires showing that ruling was "contrary to law that was clearly established by the time of the appeal"). As for United States v. Robbins, we there observed that "NFIB may not say anything binding about the Commerce Clause at all" because Chief Justice Roberts's analysis of that provision was not joined by any other justice. 729 F.3d at 135. Moreover, those of our sister courts to have considered post-NFIB challenges to SORNA have uniformly upheld its registration requirements even for a defendant who only travels intrastate. See United States v. Thompson, 811 F.3d 717, 723–25 (5th Cir. 2016), cert. denied, 136 S. Ct. 2398 (2016); United States v. Brune, 767 F.3d 1009, 1015–17 (10th Cir. 2014), cert. denied, 135 S. Ct. 1469 (2015). In these circumstances, we can hardly identify error so "egregious and obvious" as to make the government and the experienced trial judge derelict in permitting it. United States v. Whab, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted).

Nor is a different conclusion warranted by Chief Justice Roberts's observations as to the limits of Congress's power in his concurring opinion in United States v. Kebodeaux, 133 S. Ct. 2496 (2013), because no other justice joined the opinion, nor was it necessary to form a majority. See United States v. Thompson, 811 F.3d at 724–26

6

(rejecting SORNA challenge based on <u>Kebodeaux</u> concurrence). Indeed, the five-justice majority opinion in <u>Kebodeaux</u> reinforces our conclusion that this case presents no plain error insofar as the Supreme Court there rejected an as-applied challenge by a serviceman convicted of a sex offense under the Uniform Code of Military Justice who only traveled intrastate at the time he was prosecuted for failing to comply with SORNA's registration requirement. See <u>United States v. Kebodeaux</u>, 133 S. Ct. at 2500, 2503–05 (concluding that SORNA fell within scope of Congress's combined authority under Military Regulation and Necessary and Proper Clauses). Thus, <u>Kebodeaux</u> established no well-settled legal principle relevant to this appeal, <u>see</u> <u>United States v. Brown</u>, 352 F.3d 654, 664 (2d Cir. 2003), much less binding authority, <u>see</u> <u>United States v. Bastian</u>, 770 F.3d 212, 220 (2d Cir. 2014), that would admit a plain error conclusion here. See <u>United States v. Wagner-Dano</u>, 679 F.3d 83, 94 (2d Cir. 2012) ("'The burden of establishing entitlement to relief for plain error is on the defendant claiming it.'" (alterations omitted) (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 82 (2004))).

Accordingly, we reject Hyman's SORNA challenge to the registration condition of his supervision.

2. <u>Clarifying Judgment</u>

Hyman asks that we remand this case for clarification of the written judgment's statement that, as a condition of supervision, he "shall comply with the sex offender registration requirements mandated by law." Def.'s App'x 55. Hyman argues that the statement fails to indicate whether he is required to register under SORNA or only under

7

New York state law. Hyman does not dispute that SORNA, by its own terms, mandates registration in this case. See Appellant's Br. 6 ("A violation of 18 U.S.C. § 2252 (the conviction here) subjects a defendant to the registration requirement." (citing 42 U.S.C. § 16911)); see also 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act." (emphasis added)). Nor is there any question that Hyman was provided sufficient notice—by means of his plea agreement and the PSR—that SORNA registration was a required condition of his supervised release. Accordingly, and because the government concedes that the judgment should clearly reflect that Hyman is required to register pursuant to SORNA, we remand the case for the limited purpose of amending the judgment to reflect that Hyman is required to register under SORNA as well as under any applicable state laws.

3.      Conclusion

We have considered Hyman's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED, but the case is REMANDED for the sole purpose of having the district court amend the judgment to state that Hyman is required to comply with SORNA's registration requirement as a condition of supervised release, and to clarify whether state-law registration requirements are also a condition of supervised release.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court