13-614-cr
United States v. Kimble

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fourteen.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                              No. 13-614-cr

JAMES KIMBLE,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:          ANNE M. BURGER, Assistant Federal Public
                        Defender, Federal Public Defender's Office for the
                        Western District of New York, Rochester, NY.

1

FOR APPELLEE:        STEPHAN J. BACZYNSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

James Kimble appeals from the District Court's denial of his motion to dismiss a one-count indictment charging him with failing to register under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), when he moved from New York to Florida in 2009. Kimble is a "pre-Act offender," meaning that he was convicted of a qualifying sex offense before SORNA's 2006 effective date. See Pub. L. No. 109-248, 120 Stat. 587.[1] We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the denial of a motion to dismiss an indictment. United States v. Canori, 737 F.3d 181, 182 (2d Cir. 2013). Kimble argues that the District Court should have dismissed the indictment for two reasons. First, he contends that SORNA's registration requirements did not apply to him at the time of his interstate move in 2009 because the Attorney General had not yet issued the Final Rule on SORNA's retroactive application to pre-Act offenders, Applicability of the Sex Offender Registration and Notification Act, 75 Fed. Reg. 81,849-01 (Dec. 29, 2010). As counsel for Kimble conceded in a letter dated April

---

[1] In 1983 Kimble was convicted in New York of Rape in the First Degree.

28, 2014, this argument is foreclosed by United States v. Lott, No. 12-5002-cr, 2014 WL 1622796 (2d Cir. Apr. 24, 2014), which held that the Sentencing, Monitoring, Apprehending, Registering, and Tracking Guidelines, issued by the Attorney General and effective in 2008, validly extended SORNA's applicability to pre-Act offenders. See Lott, 2014 WL 1622796, at *2–*3, (discussing The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030-01 (July 2, 2008)). Because SORNA applied as of 2008 to pre-Act offenders such as Kimble, his indictment under the Act for failing to register in 2009 was not impermissibly retroactive.

Second, Kimble argues that the indictment must be dismissed because it is predicated on his New York State sex offender risk classification, the adjudication of which violated due process. This argument misapprehends SORNA's operation. Whether the State court hearings that determined Kimble's risk classification under New York law complied with due process has no bearing on the validity of the federal indictment charging Kimble with a violation of SORNA. It is Kimble's conviction for a qualifying sex offense in New York, not his subsequent risk classification under New York's Sex Offender Registration Act, that triggers SORNA's registration requirements. See 42 U.S.C. § 16913(a), (b). Kimble's rape conviction constitutes a qualifying offense under SORNA. See 42 U.S.C. § 16911(5). Accordingly, the District Court correctly rejected his challenge to the indictment on due process grounds.

As Kimble acknowledges, his additional constitutional challenges to SORNA itself, under the Commerce Clause, Ex Post Facto Clause, and the Tenth Amendment, are foreclosed by this Court's case law. See United States v. Guzman, 591 F.3d 83 (2d Cir. 2010); see also Lott, 2014 WL 1622796, at *5.

3

We have considered Kimble's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court