14-351
*United States v. Riddle*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 26th day of February, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                  *Chief Judge*,
             RAYMOND J. LOHIER, JR.,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

─────────────────────────────────────────────

UNITED STATES OF AMERICA,

          *Appellee*,

          - v -                                   No. 14-351-cr

ALVIN RIDDLE, AKA BILLY JOE RIDDLE, FKA ALVIN D. RIDDLE,

          *Defendant-Appellant.*

─────────────────────────────────────────────

For Defendant-Appellant:      JAMES P. EGAN (Randi J. Bianco, *on the brief*), *for* Lisa A. Peebles, Federal Public Defender, Syracuse, New York.

For Appellee:                 LISA M. FLETCHER (Brenda K. Sannes, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that this case is **REMANDED** to the district court for further proceedings consistent with this order. Defendant-Appellant Alvin Riddle appeals from a January 17, 2014, judgment of conviction entered pursuant to a guilty plea by the United States District Court for the Northern District of New York (Mordue, *J.*). Riddle pleaded guilty to failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). The district court sentenced Riddle to 77 months' imprisonment. On appeal, Riddle challenges (1) SORNA's validity under the Ex Post Facto Clause of the United States Constitution and (2) the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the relevant facts, procedural history of the case, and the issues presented for review.

We begin with Riddle's contention that the registration requirements imposed by SORNA violate the Ex Post Facto Clause of the United States Constitution. *See* U.S. Const. art. I, § 9, cl. 3. This argument is foreclosed by our case law, which has held that if a defendant's "travel and failure to register occurred after SORNA's enactment and the effective date of the regulations indicating that SORNA applies to all sex offenders," there can be "no ex post facto problem with [the defendant's] conviction[]." *United States v. Guzman*, 591 F.3d 83, 94 (2d Cir. 2010). Riddle strives to distinguish *Guzman*, with some force, as reaching only the question of "whether a defendant could be punished for failing to register when the relevant states had not yet implemented SORNA." Appellant's Br. 26 n.11. Whatever the merits of Riddle's reading of *Guzman*, however, that reading is barred by *United States v. Lott*, 750 F.3d 214, 220 (2d Cir. 2014), which interpreted *Guzman* as "reject[ing] claims that SORNA violates the . . . Ex Post

2

Facto Clause." We are bound by *Lott*, and therefore reject Riddle's claim that his conviction violates the Ex Post Facto Clause.

Turning to Riddle's challenge to his 77-month sentence, we first address Riddle's argument that the district court committed procedural error. A sentence is procedurally unreasonable if the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Riddle contends that the district court relied on four clearly erroneous facts when determining Riddle's sentence. For three of these four facts, however, the district court's factual findings were properly supported by the record. First, the district court correctly found that Riddle had a history of failing to register as a sex offender. Riddle expressly admitted in his plea agreement that "[a]t no time after leaving Arkansas for North Carolina, or North Carolina for California, or California for New York, did [he] register or update his registration with Arkansas, North Carolina, California, or New York, as required by law." J.A. 100, ¶ 5(k). Second, the district court did not err by concluding that Riddle "has a history of failing to appear and absconding from supervision." J.A. 161-62. The Presentence Report ("PSR") indicated that Riddle failed to appear in January, April, and November 2005, as well as October 2010 and January 2011. Riddle did not object to these statements before the district court, and has thus waived any challenge to the PSR's factual finding. Moreover, Riddle concedes that he absconded from supervision in 2005, and that he was convicted of escaping from prison in 1978. Third, the district court accurately described Riddle's history of using different names. As set forth in the

3

PSR, Riddle has gone by multiple pseudonyms, including Dan Riddle, Billy Joe Riddle, and William Baker.

Riddle's final factual challenge has more merit. In 1972, Riddle pleaded guilty to murdering an 80-year-old woman. The PSR stated that, according to contemporary newspaper accounts and institution records from the Florida Department of Corrections, Riddle raped the victim in addition to murdering her. Riddle was neither charged with nor convicted of rape. Riddle maintains that he struck the victim when she walked in on him unexpectedly, and that he then fled immediately.

At sentencing, the district court repeatedly referred to Riddle's "eight felony convictions starting with the rape and murder of an 80-year-old woman." J.A. 161. After the second reference to a rape conviction, Riddle's counsel objected, explaining that Riddle had never been convicted of rape. The district court acknowledged that Riddle had never been convicted of rape, but thereafter referred to Riddle's violent history as including an "alleged" rape. J.A. 167-68. Similarly, the district court's written statement of reasons described Riddle's "eight felonies including an alleged rape."

It is not clear from the record, but the district court may have erred by continuing to rely on the allegations that Riddle raped the murder victim. Although the government is correct that the district court was entitled to rely on the conduct underlying Riddle's murder conviction, the district court never made any factual findings about what that underlying conduct was. The PSR did not reach any conclusions about whether the rape actually occurred and instead simply recited (1) the allegations contained in contemporary newspaper accounts and Riddle's prison records and (2) Riddle's contradictory account. Whether Riddle raped the murder victim was thus a disputed factual question requiring resolution by the district court. In the absence of a

4

factual finding that Riddle committed rape, the district court could not rely on unsupported allegations of rape to justify increasing Riddle's sentence. *See, e.g.*, *United States v. Helmsley*, 941 F.2d 71, 98 (2d Cir. 1991) ("If an inaccuracy is alleged [in a PSR], the court must make a finding as to the controverted matter or refrain from taking that matter into account in sentencing.").

We therefore conclude that this case should be remanded pursuant to the procedures set forth in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir. 1994). On remand, the district court shall either (1) hold an evidentiary hearing to make a factual finding whether Riddle raped the murder victim, (2) state that its sentence did not rely on the allegations of rape, or (3) state that Riddle must be resentenced. Because we remand this case, we do not reach Riddle's other challenges to the procedural and substantive reasonableness of his sentence.

For the foregoing reasons, we hereby **REMAND** the case to the district court. Upon the conclusion of proceedings before the district court, either party may restore jurisdiction to this Court by filing with the Clerk a letter (along with a copy of the relevant order or transcript) advising the Clerk that jurisdiction should be restored. In the interest of judicial economy, the renewed appeal will be assigned to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK