*United States v. Gundy*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand seventeen.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                          No. 16-1829

HERMAN AVERY GUNDY, AKA HERMAN GRUNDY,

*Defendant-Appellant.*

_____

FOR APPELLANT:            SARAH BAUMGARTEL, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:             EMIL J. BOVE III (Brendan F. Quigley, Brian R. Blais, *on the brief*), Assistant United

States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 16, 2016 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Herman Gundy appeals his conviction and sentence, following a bench trial on stipulated facts, for one count of failing to register as a sex offender after traveling in interstate commerce, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

While serving a federal sentence for violating Maryland Criminal Law § 3-306, Sexual Offense in the Second Degree, during his supervised release for a prior federal offense, Gundy was transferred from Maryland to a federal prison in Pennsylvania. *See United States v. Gundy*, 804 F.3d 140, 143 (2d Cir. 2015). As he approached the end of his federal sentence, Gundy authorized the Department of Justice to make arrangements for his move to community-based custody. He was ordered to be transferred to the Bronx Residential Re-Entry Center, a halfway house in New York, and he was granted a furlough to travel unescorted on a commercial bus on July 17, 2012, from Pennsylvania to the Bronx. Gundy arrived at the Re-Entry Center as planned, and, on August 27, 2012, was released from federal custody there to a private residence in the Bronx. Gundy did not register as a sex offender in either Maryland or New York, as state law required, and was arrested and charged under 18 U.S.C. § 2250. *Id.* at 144. After the District Court granted Gundy's motion to dismiss the prosecution for the absence of a trigger for SORNA's registration requirement, this Court reversed the dismissal and

reinstated the indictment, holding that the requirement was triggered because Gundy was "required to register" under SORNA no later than August 1, 2008. *See id.* at 145.

Upon the indictment's reinstatement, Gundy renewed his motion to dismiss on the basis that the interstate travel requirement of the statute was not satisfied because he was still in custody when he traveled from Pennsylvania to the Bronx. The District Court denied the motion, holding that the statute did not include an exception to the interstate travel element based on a defendant's custodial status. The District Court also held that, even if the statute did include a voluntariness or *mens rea* requirement, the allegations of the indictment were sufficient for that issue to be resolved at trial.

A bench trial followed on stipulated facts. The District Court found that each element of the offense had been proven beyond a reasonable doubt, including the interstate travel element and any voluntariness or *mens rea* requirement that may apply, and thus found Gundy guilty of violating § 2250. Following a sentencing hearing, the District Court entered judgment imposing a sentence of time served and a five-year term of supervised release. Gundy now appeals from that judgment.

Section 2250(a) imposes criminal liability on anyone who (1) is required to register under SORNA; (2) travels in interstate or foreign commerce; and (3) knowingly fails to register or update a required registration. 18 U.S.C. § 2250(a). We held in our consideration of Gundy's earlier appeal that Gundy satisfies the first requirement. There is no dispute that he knowingly failed to register, thus satisfying the third requirement. On appeal, Gundy asks us to read in an exception to the second requirement, travel in interstate commerce, for a defendant who crosses state lines while in federal custody. He contends that holding otherwise would violate the usual requirement of criminal law that criminal acts be committed voluntarily. The parties also dispute whether, on the stipulated facts and conclusions of the District Court following the bench trial, Gundy's travel from Pennsylvania to New York was voluntary.

3

We decline to reach Gundy's argument regarding the interpretation of § 2250(a).[1] Assuming *arguendo* that Gundy is correct and that the travel element contains an implicit voluntariness requirement, that requirement is easily met on the facts of this case. Although Gundy remained technically in federal custody when traveling to the halfway house in New York, the stipulated facts at trial are sufficient to support the District Court's finding that Gundy's travel was voluntary. On the basis of those facts, the District Court was free to conclude that Gundy made the trip in question willingly, as he authorized the initial transfer process and then traveled by bus to New York on his own recognizance. *See United States v. Pierce*, 224 F.3d 158, 164 (2d Cir. 2000) (noting that standard of review for sufficiency of the evidence is the same in a bench trial as a jury trial). We need not and do not reach the question of statutory interpretation because, even assuming Gundy is correct that interstate travel in § 2250(a) is limited to voluntary travel, the District Court reasonably found that the travel here was voluntary.

* * *

We have considered Gundy's remaining arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent Gundy attempts to present his case as two separate arguments—one based on voluntariness, and one based on a lack of congressional "focus" on sex offenders in custody (supporting the creation of a *per se* custodial travel exemption)—we are unpersuaded. Gundy himself repeatedly blends these arguments, *see, e.g.*, Appellant's Br. 1, 11, and he provides us with no real reason to look to look past the statute's text to other expressions of congressional intent except for his stated concern about the voluntariness of custodial travel.

[2] This includes Gundy's argument—foreclosed by *United States v. Guzman*, 591 F.3d 83, 91-93 (2d Cir. 2010), and made only for preservation purposes—that SORNA violates antidelegation principles.